{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Allstate Insurance Company, appeals the decision of the Mahoning County Court, Area No. 3, which granted judgment in favor of Plaintiff-Appellee, the Michael Hoops Family. The issue we must resolve is whether there is any legal basis for the trial court's decision to award Hoops the out-of-pocket rental car expenses he incurred which were beyond the scope of the coverage Allstate provided to Hoops in his insurance. Because there is no legal reason to ignore or modify the clear language of the contract, the decision of the trial court is reversed and we grant judgment to Allstate.
 Facts {¶ 2} On August 2, 2002, Hoops was driving his vehicle, a conversion van, when he was involved in an automobile accident. At the time of the accident, the vehicle was covered by an insurance policy issued by Allstate and Hoops notified Allstate of his claim. On August 22, 2002, the vehicle was delivered to Greenwood Chevrolet to be repaired.
 {¶ 3} Hoops' policy with Allstate provided, among other things, that Allstate would reimburse Hoops for the cost of renting an automobile if he had an automobile accident. The portion of the policy addressing this coverage provides as follows:
 {¶ 4} "The premium is shown on the Policy Declarations for Rental Reimbursement Coverage, and if you have an auto
accident, or the entire insured auto is stolen, Allstate will reimburse you for your cost of renting an auto from a rental agency or garage. We will not pay more than the dollar amount per day shown on the Policy Declarations.
 {¶ 5} "If an insured auto is disabled by a collision or comprehensive loss, coverage starts the day of the loss. If the entire insured auto is stolen, coverage begins the day you
report the theft to us. If an insured auto is driveable, coverage starts the day the auto is taken to the garage for repairs.
 {¶ 6} "Coverage ends when whichever of the following occurs first:
 {¶ 7} "1. if an insured auto is disabled by a collision or comprehensive loss, completion of the repairs or replacement of the auto;
 {¶ 8} "2. if an insured auto is stolen, when we offer settlement or your auto is returned to use; or
 {¶ 9} "3. thirty full days of coverage."
 {¶ 10} The Policy Declarations stated that Allstate would pay up to twenty dollars per day for a rental vehicle.
 {¶ 11} Greenwood estimated that the repairs would take a minimum of eight weeks to complete. Greenwood completed the repairs and delivered the vehicle to Hoops approximately ten weeks after it was delivered to them. Greenwood stated that the delay was caused by the fact that the vehicle was a conversion van and the incorrect conversion parts were sent to it.
 {¶ 12} Hoops rented an automobile on August 6, 2002, in accordance with his rental reimbursement coverage. He returned that automobile eighty-six days later. The total cost of the rental was $2460.41. Allstate agreed to reimburse Hoops for $900.00 of the cost of the rental. $600.00 of this was the maximum amount allowed by the contract. But Allstate agreed to pay another $300.00 to Hoops based on a clerical error by Allstate which delayed the repair of his vehicle.
 {¶ 13} Hoops subsequently filed a pro se complaint in small claims court. In that complaint, Hoops sought to recover the remainder of his rental expenses from Allstate. He also claimed Allstate exercised bad faith by authorizing the use of used parts in the repair of his vehicle. The matter proceeded to a bench trial after which the trial court granted judgment to Allstate on Hoops' claim for faulty repair/used parts. But it awarded Hoops $1560.00, the remainder of his rental expenses.
 Reimbursement of Rental Fees {¶ 14} Allstate argues a single assignment of error:
 {¶ 15} "The trial court erred in awarding damages beyond the scope of coverage provided by Appellee's insurance policy in the amount of one thousand five hundred sixty dollars ($1560.00) when the clear language of the insurance policy excluded such coverage."
 {¶ 16} Allstate argues that the language in the policy is clear and unambiguous and provides that Hoops is only entitled to be reimbursed for the cost of renting the car for thirty days at up to twenty dollars per day. Accordingly, it believes the trial court erred by effectively rewriting the policy when it entered judgment in Hoops' favor.
 {¶ 17} In response, Hoops argues that the terms of an insurance contract can be modified orally or by course of dealings between the insurance company or its agent and the policy holder. Hoops contends that the trial court found that the contract was modified either orally or by the course of dealings. Accordingly, he believes this court must affirm the trial court's decision.
 {¶ 18} In spite of Hoops' arguments to the contrary, Allstate's argument in this case is correct. The record does not support the trial court's decision to enter judgment in Hoops' favor in any way. This case involved the construction of an insurance contract. "When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement." Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 11. The intent of the parties to a contract resides in the language they chose to employ in the agreement and when that language is clear, a court may look no further to find the intent of the parties. Galatis
at ¶ 11; Shifrin v. Forest City Ents., Inc. (1992),64 Ohio St.3d 635, 638. Accordingly, when contract terms are clear and unambiguous, courts will not, in effect, create a new contract by finding an intent which is not expressed in the clear language used by parties. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 246. The construction of an unambiguous written contract is a matter of law. Id. at paragraph one of the syllabus.
 {¶ 19} In this case, there is no ambiguity. he pleadings and evidence produced at trial demonstrate that the policy clearly states that Allstate will only reimburse Hoops for the cost of the rental for up to twenty dollars per day. Furthermore, it clearly states that the coverage will end when the first of three events occur: (1) the vehicle is repaired or replaced if it was involved in a collision or suffered a comprehensive loss, (2) a settlement is reached or the vehicle returned if it was stolen, or (3) the claimant has been covered by the rental reimbursement coverage for thirty days. Based on the terms of the contract, Hoops was simply not entitled to the rental reimbursement coverage beyond the first thirty days.
 {¶ 20} Hoops argues the parties modified the policy either orally or through the course of their dealings. But he failed to introduce any evidence supporting this argument. The trial transcript contains no indication that he and Allstate ever discussed or agreed that Allstate would expand the rental reimbursement coverage to cover more than thirty days of rental. There is no indication in the record that Allstate did anything to make Hoops believe that it would reimburse him for those expenses.
 {¶ 21} Given these facts, the trial court had no basis for entering judgment to Hoops. Under the unambiguous terms of the contract he was not entitled to be reimbursed for more than thirty days of automobile rental. He was reimbursed for those days and additional days. There is no evidence of an oral agreement to modify the rental reimbursement coverage. There is no evidence of a course of dealings between Allstate or its agent and Hoops which would indicate an intent to modify this coverage. The trial court's decision to grant judgment to Hoops is not supported by the record.
 {¶ 22} Accordingly, the judgment of the trial court is reversed and judgment is granted to Allstate Insurance Company.
Waite, P.J., and Vukovich, J., concur.